**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

    **Plaintiff/Respondent,**

v.                                                           **Case No. 06-20142-03-JWL**
                                                                     08-2246-JWL

**Eduardo Soto-Diarte,**

    **Defendant/Petitioner.**

**MEMORANDUM & ORDER**

In December 2006, Eduardo Soto-Diarte pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine. In the plea agreement executed by Mr. Soto-Diarte, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). In May 2007, Mr. Soto-Diarte was sentenced to a 135-month term of imprisonment.

In May 2008, Mr. Soto-Diarte filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 118). In his motion to vacate, Mr. Soto-Diarte asserts that he received ineffective assistance of counsel in connection with his sentencing hearing because his counsel failed to object to the quantity of drugs attributed to Mr. Soto-Diarte by the court; failed to object to the 2-level enhancement applied by the court for possession of a firearm; and failed to object to Mr. Soto-Diarte's criminal history calculation. Mr. Soto-Diarte further

contends that his counsel was ineffective because she failed to file a downward departure motion based on hardship in his conditions of confinement as a result of his status as a deportable alien.[1] In response to these claims, the government contends that each of the claims asserted by Mr. Soto-Diarte in his § 2255 motion have been waived by him in his plea agreement–a waiver that the government moves to enforce (doc. 120). In response to the government's motion to enforce, Mr. Soto-Diarte asserts that his waiver was neither knowing nor voluntary because his counsel failed to explain the consequences of the waiver to him.[2] As explained below, Mr. Soto-Diarte has not shown that his waiver was unknowing or involuntary and has not shown that

---

[1] In his motion, Mr. Soto-Diarte also asks the court to reduce his sentence based on his post-conviction rehabilitation; to resentence him in light of Amendment 709 of the United States Sentencing Guidelines concerning the calculation of a defendant's criminal history score; and to reduce his sentence based on hardship in his conditions of confinement as a result of his status as a deportable alien. Each of these requests is denied.

Mr. Soto-Diarte's request for a reduced sentence based on post-conviction rehabilitation is simply not a valid claim under 28 U.S.C. § 2255 and the court otherwise lacks the authority to reduce Mr. Soto-Diarte's sentence based only on rehabilitative efforts. *See* 28 U.S.C. § 2255; *United States v. Garcia-Emanuel*, 2004 WL 2352111, at *1-2 (10th Cir. Oct. 20, 2004) (no authority to reduce sentence for rehabilitative efforts under 18 U.S.C. § 3582(c)). To the extent Mr. Soto-Diarte asks the court to reconsider his criminal history score pursuant to Amendment 709, *see* U.S.S.G. § 4A1.2, that request is denied because that amendment is not a covered amendment under § 1B1.10 to which retroactive treatment may be given. *See United States v. Peters*, 524 F.3d 905, 907 (8th Cir. 2008). Finally, even assuming that the court, in its discretion, could reduce Mr. Soto-Diarte's sentence based on the collateral consequences of his status as a deportable alien, Mr. Soto-Diarte is not entitled to a reduction in his sentence on that basis, *see United States v. Tamayo*, 2006 WL 52792, at *2 (10th Cir. Jan. 11, 2006) and he has not shown that such a departure is justified here.

[2] Mr. Soto-Diarte has requested leave to file a surreply (doc. 128) concerning the government's motion to enforce. Because the court has determined that a surreply would not aid the disposition of the motion, Mr. Soto-Diarte's request is denied.

2

enforcement of the waiver would otherwise result in a miscarriage of justice. Thus, because each of the claims asserted by Mr. Soto-Diarte fall within the scope of his valid waiver, the court dismisses Mr. Soto-Diarte's petition and grants the government's motion to enforce.

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Soto-Diarte waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally

3

>attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the Guideline range determined appropriate by the Court. The defendant also waives any right to challenge the defendant's conviction and/or sentence or otherwise attempt to modify or change the sentence or the manner in which the sentence was determined in any collateral attack, including, but not limited to: a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]; a motion brought under Title 18, U.S.C. § 3582(c)(2); and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the conviction in his case and waives the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upwards from the applicable Guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, each of the claims asserted by Mr. Soto-Diarte fall squarely within the scope of the waiver. The claims concern issues directly bearing on Mr. Soto-Diarte's sentence and none of the claims involve the validity of Mr. Soto-Diarte's plea or waiver.

*Knowing and Voluntary*

Defendant contends that his waiver of rights is neither knowing nor voluntary because his counsel failed to explain the consequences of the waiver to him and he had no independent knowledge of the contents of the waiver in light of his alleged difficulty comprehending the

4

English language.[3] The court rejects this argument as it is belied by the record. During its Rule 11 colloquy with Mr. Soto-Diarte, the court inquired into whether Mr. Soto-Diarte understood and accepted the terms of the plea agreement and specifically inquired about Mr. Soto-Diarte's understanding of the waiver provision. In addition, the court itself explained to Mr. Soto-Diarte the consequences of the waiver provision, indicating that the "end result" of the waiver was that the sentence Mr. Soto-Diarte received would in all likelihood be the sentence that Mr. Soto-Diarte served. Mr. Soto-Diarte affirmed that he understood the waiver provision and was willing to accept that provision as part of the plea agreement. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003) ("[T]he content of a defendant's waiver of appeal rights can be made known to him ... through the colloquy with the court required by Federal Rule of Criminal Procedure 11."). In addition, the plea agreement itself expressly states that Mr. Soto-Diarte knowingly waived his right to collaterally attack his sentence. *See United States v. Cervantes*, 2004 WL 1798305, at * 10 (10th Cir. Aug. 12, 2004) (rejecting defendant's argument that waiver was not knowing and voluntary where plea agreement expressly stated that the defendant knowingly waived his right to appeal or otherwise challenge sentence); *United States v. Elliott*, 264 F.3d 1171, 1174 n.1 (10th Cir. 2001) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and expressly waive[d] the right' to appeal").

---

[3] Mr. Soto-Diarte also criticizes the court for failing to address Mr. Soto-Diarte's waiver of rights at the sentencing hearing and contends that the court's language at the sentencing hearing led Mr. Soto-Diarte to believe that he did not waive any rights. Mr. Soto-Diarte's argument ignores both the court's detailed discussion of the waiver at the change-of-plea hearing and the court's specific statement at the sentencing hearing that both parties had the right to appeal the sentence except as limited by any waiver in the plea agreement.

With respect to his suggestion that he has "trouble comprehending the English language," the court is similarly not persuaded. All of the proceedings in this case concerning Mr. Soto-Diarte were conducted in English. A review of the transcripts of those proceedings reveals not one instance of misunderstanding or confusion on the part of Mr. Soto-Diarte and the court, at all times, was entirely comfortable with Mr. Soto-Diarte's demonstrated level of comprehension and his ability to communicate. Moreover, at no time during any of the proceedings in this case–particularly the Rule 11 colloquy–did Mr. Soto-Diarte request the assistance of a translator or in any way indicate that he was having difficulty understanding the nature of the proceedings or the questions directed to him. *See United States v. Hernandez-Martinez*, 2007 WL 3088223, at *2 (10th Cir. Oct. 23, 2007) (rejecting defendant's argument that his appeal waiver was not knowing and voluntary because he was not a native English speaker and only understood "a bit of English"; record of plea hearing indicated full understanding of English, defendant did not request the use of a translator and defendant never indicated difficulty understanding).

Mr. Soto-Diarte, then, simply has not shown that he had no understanding of the waiver of rights contained in his plea agreement and the court concludes that the waiver was knowing and voluntary.

*Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory

6

maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. None of the four miscarriage-of-justice scenarios identified by the Circuit in *Hahn* applies to this case and Mr. Soto-Diarte does not contend otherwise.[4] The court concludes, then, that enforcement of the waiver will not result in a miscarriage of justice.

Having concluded that each of Mr. Soto-Diarte's claims fall within the scope of his knowing and voluntary waiver and that enforcement of the waiver will not result in a miscarriage of justice, the court dismisses Mr. Soto-Diarte's petition and grants the government's motion to enforce.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Soto-Diarte's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 118) is dismissed; the government's motion to enforce Mr. Soto-Diarte's plea agreement (doc. 120) is granted; and Mr. Soto-Diarte's motion for leave to file a surreply (doc. 128) is denied.

**IT IS SO ORDERED** this 14th day of November, 2008.

---

[4] Although Mr. Soto-Diarte broadly states that he received ineffective assistance of counsel in connection with the negotiation of the waiver, his specific arguments relate solely to the issue of whether his waiver was knowing and voluntary in light of his counsel's alleged failure to explain the consequences of the waiver to him. The court, then, does not construe Mr. Soto-Diarte's papers as setting forth any separate argument concerning the negotiation of the waiver itself.

7

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge