**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

    **Plaintiff/Respondent,**

**v.**                                                **Case No. 06-20142-03-JWL**
                                                                   **08-2246-JWL**

**Eduardo Soto-Diarte,**

    **Defendant/Petitioner.**

**MEMORANDUM & ORDER**

On November 14, 2008, the court issued a memorandum and order dismissing Mr. Soto-Diarte's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and granting the government's motion to enforce the waiver of rights contained in the plea agreement executed by Mr. Soto-Diarte. Mr. Soto-Diarte has now filed a notice of appeal. Thus, the court considers whether it is appropriate to grant a certificate of appealability (COA) on any issues, *see Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (construing notice of appeal as an application for a COA because a COA is a prerequisite to appealing the denial of a habeas petition), and declines to do so.

A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the Circuit has interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See id.* (quoting *Tennard v. Dretke*, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))). In his § 2255

motion, Mr. Soto-Diarte argued that his counsel was constitutionally ineffective both at the sentencing hearing and in failing to file a downward departure motion based on hardship in Mr. Soto-Diarte's conditions of confinement as a result of his status as a deportable alien.  In response to the government's motion to enforce his waiver of rights, Mr. Soto-Diarte argued that his waiver was neither knowing nor voluntary because his counsel failed to explain the consequences of the waiver to him and he had no independent knowledge of the contents of the waiver in light of his alleged difficulty comprehending the English language.  Mr. Soto-Diarte cannot demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the issues should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further.

As a threshold matter, the court rejected Mr. Soto-Diarte's argument that his waiver was unknowing and involuntary because the argument is so clearly belied by the record in this case, particularly the court's own Rule 11 colloquy with Mr. Soto-Diarte, which demonstrated Mr. Soto-Diarte's full understanding of both the consequences of the waiver and the English language.  Because Mr. Soto-Diarte's remaining ineffective assistance claims fell within the scope of his knowing and voluntary waiver (and Mr. Soto-Diarte did not contend that enforcing the waiver would otherwise result in a miscarriage of justice), the court then dismissed Mr. Soto-Diarte's petition and granted the government's motion to enforce the waiver.

For the foregoing reasons, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED** this 8th day of December, 2008.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge