**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-20142-03-JWL |
| | ) | |
| **EDUARDO SOTO-DIARTE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

In 2006, Eduardo Soto-Diarte entered into a plea agreement in which he pled guilty to conspiracy to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. Mr. Soto-Diarte received a 135-month prison sentence.

He has now filed a Motion for Return of Personal Property under Federal Rules of Criminal Procedure 41(g) to have returned or replaced a number of firearms, ammunition, and gun-related items that he alleges were in his lawful possession but were seized by the government during its investigation. (Doc. 138). For the reasons below, the motion is denied.

**Discussion**

Section 922 states that:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Mr. Soto-Diarte was not a convicted felon at the time the weapons were seized, but he has since been convicted of a crime punishable by more than one year imprisonment and he agrees he is prohibited from possessing a firearm or ammunition. 18 U.S.C. § 922(g)(1). He instead requests that the government return the firearms, ammunition, and gun-related items to a family member who is not a convicted felon and to whom he has assigned his property rights in the firearms.

The Tenth Circuit has not addressed a Rule 41(g) motion like Mr. Soto-Diarte's. It has, however, held that "possession" as used in § 922 can be either actual or constructive. *United States v. Jameson*, 478 F.3d 1204, 1209 (10th Cir. 2007). Constructive possession exists when a person "knowingly holds the power and ability to exercise dominion and control over a firearm." *Id*. (citing *United States v. Lopez*, 372 F.3d 1207, 1211-12 (10th Cir. 2004)).

Other circuits have applied § 922 and the constructive possession analysis to deny Rule 41(g) motions like Mr. Soto-Diarte's where the defendant asked for return of the firearms to another person to be held in trust for the defendant, *United States v. Howell*, 425 F.3d 971, 976-977 (11th Cir. 2005); *United States v. Felici,* 208 F.3d 667, 670 (8th Cir. 2000); where the defendant asked the government to sell the firearms for the defendant's benefit, *United States v. Harvey,* No. 02-30225, 2003 WL 21949151, at *2

(9th Cir. Aug. 13, 2003); and where the defendant asked the government to transfer custody to defendant's wife, *United States v. Smith,* No. 05-2391, 2005 WL 1799364, at *2 (3d Cir. July 29, 2005).

Following the circuit court rulings on Rule 41(g) motions, several district courts have ruled on motions with requests exactly like Mr. Soto-Diarte's– that complete ownership of the firearms be transferred to a third party who is not a convicted felon. Those district courts have held that allowing a defendant to decide to whom the government should give the firearms constitutes constructive possession because transferring ownership of the firearms requires the defendant to exercise some dominion and control over them. *United States v. Oleson*, No. 01-CR-21-LRR, 2008 WL 2945458, at *2 (N.D. Iowa July 24, 2008); *United States v. Approximately 627 Firearms, more or less*, 589 F. Supp. 2d 1129, 1138-39 (S.D. Iowa 2008).

Although Mr. Soto-Diarte may have owned the firearms legally before his conviction, he now wishes to have the firearms returned to a family member, claiming he has transferred ownership to that person. In dictating who would now own the firearms, Mr. Soto-Diarte would be exercising "dominion" and "control" over the firearms, which constitutes constructive possession. Mr. Soto-Diarte is not allowed even this small amount of constructive possession as a convicted felon. Therefore, the motion is denied.[1]

---

[1] Mr. Soto-Diarte does not indicate when the transfer of ownership took place. If
(continued...)

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Return of Firearms (Doc. 138) is denied.

**IT IS SO ORDERED** this 11th day of June, 2009.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge

---

[1](...continued)
ownership of the firearms was transferred before Mr. Soto-Diarte was convicted of the felony then the transfer would have vested the rights of the firearms in the family member. However, this motion would still be denied because Mr. Soto-Diarte would have no ownership interest in the firearms.