**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-20142-03-JWL |
| | ) | |
| **EDUARDO SOTO-DIARTE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

In 2006, Eduardo Soto-Diarte entered into a plea agreement in which he pled guilty to conspiracy to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. Mr. Soto-Diarte received a 135-month prison sentence.

He then filed a Motion for Return of Personal Property under Federal Rules of Criminal Procedure 41(g) to have returned or replaced a number of firearms, ammunition, and gun-related items that he alleges were in his lawful possession but were seized by the government during its investigation (doc. 138). The court denied that motion (doc. 144), ruling that as a convicted felon, Mr. Soto-Diarte was not entitled to exercise even constructive authority over the firearms and other items.

Mr. Soto-Diarte appealed, and on appeal, he provided to the Tenth Circuit

evidence suggesting that the firearms had been destroyed. In light of the new evidence, the Tenth Circuit vacated this court's order and remanded the motion for this court to determine whether the government was still in possession of the firearms (doc. 151).

This court ordered Mr. Soto-Diarte to file a notice of status regarding the firearms in question. Having received nothing from Mr. Soto-Diarte by the deadline, the court again denied Mr. Soto-Diarte's pending motion for relief (doc. 156).

Later that day, however, the court received Mr. Soto-Diarte's motion for leave to file a late response (doc. 157). The court granted that motion (doc. 158) and Mr. Soto-Diarte's motion to reconsider (docs. 163 & 164). Mr. Soto-Diarte's "Motion Providing Evidence and to Show to the Honorable District Court That the Property Have Been Destroyed" (doc. 159) was filed. The Government filed a response (doc. 168).

Having reviewed the filings in the case, the court now grants in part and denies in part Mr. Soto-Diarte's Rule 41(g) motion.

## DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure controls the return of property seized during or in connection with a criminal investigation. Rule 41(g) provides the following:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

In light of the evidence both parties have submitted, the court finds that an evidentiary hearing to elicit further evidence is not needed. Mr. Soto-Diarte tendered to the court a letter written at an unknown date[1] from a DEA agent concerning Mr. Soto-Diarte's property that was seized and was in custody of the Kansas City, Kansas Police Department. The agent attached to his letter, and Mr. Soto-Diarte includes for this court, copies of a November 2008 order from the district court judge in Wyandotte County ordering that the property be disposed of pursuant to KCKPD policies. The agent notes in his letter that he has "been informed that the weapons have since been destroyed."

The Government, on the other hand, submitted a July 20, 2010 letter from a sergeant in the KCKPD noting that the firearms on the property report, which he attached, have not in fact been destroyed, although the ammunition and magazine were destroyed in March 2009. This more recent statement from someone within the KCKPD, the agency with custody of the property in question, provides more accurate information than Mr. Soto-Diarte's older letter from someone with only second-hand knowledge.

Given that the firearms have not been destroyed, this court's prior order (doc. 144) stands, and Mr. Soto-Diarte's motion is denied as to the firearms.

The ammunition and magazines have been destroyed. As the Tenth Circuit noted,

---

[1] The letter is written "in response to [Mr. Soto-Diarte's] request dated December 4, 2008," and it appears that there is a "Dec. 18" date stamp on the letter, possibly December 18, 2008, but the face of the letter is not explicit.

3

a Rule 41(g) motion is not the proper vehicle for requesting compensation for property that is no longer in the Government's possession. *United States v. Soto-Diarte*, No. 09-3183, 2010 WL 1049482, at \*1 (10th Cir. Mar. 23, 2010) (citing *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005)).  Instead, the Tenth Circuit suggested that Mr. Soto-Diarte be afforded an opportunity to file a more appropriate claim for money damages. *Id.* (citing *United States v. Hall*, 269 F.3d 940, 932 (8th Cir. 2001)).

Even if Mr. Soto-Diarte were to file such a motion, however, he would not be entitled to monetary compensation for items he would be ineligible to possess himself. Moreover, these items were destroyed pursuant to a state court order. Mr. Soto-Diarte is not challenging the validity of that order, and so there is no basis for him to seek compensation in this court from the United States Government. To the extent he feels aggrieved by that order, his recourse remains with the state court.

Finally, the court notes that the list of property taken from Mr. Soto-Diarte includes the following items: two rifle tripods, five rifle soft cases, two rifle hard cases, and two pistol hard cases. These are items not prohibited by the felon-in-possession statute, and as such, this court's previous rationale does not apply to them. The Government is thus instructed to return those items to Mr. Soto-Diarte.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Return of Firearms (Doc. 138) and his "Motion Providing Evidence and to Show to the Honorable District Court That the Property Have Been Destroyed" (doc. 159) are

4

**granted** to the extent that the Government is ordered to return to Mr. Soto-Diarte two rifle tripods, five rifle soft cases, two rifle hard cases, and two pistol hard cases. The motions are **denied** in all other respects.

**IT IS SO ORDERED** this 29th day of July, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
